### OSTERHOUT v. TOWN OF BETHLEHEM.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. NEGLIGENCE—HIGHWAYS.

    A hole or rut 10 inches deep in an ordinary country road is not such a defect as demands repair or renders a township liable for an injury caused thereby.

2. SAME—EVIDENCE—NOTICE.

    A recovery for injuries caused by a hole or rut in the highway, which testimony showed was 20 to 22 inches deep on the day after the accident, was erroneous, where, though evidence showed that, though the rut existed two weeks before the accident, it did not show that it was in a dangerous condition the day before the accident, so as to give notice to the commissioner of a defective highway.

Appeal from special term, Albany county.

Action by William H. Osterhout against the town of Bethlehem. From an order in plaintiff's behalf, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Upon the 30th day of March, 1899, plaintiff was injured by falling from his wagon upon a highway in the defendant town. The main contention upon the trial was upon the question of the negligence of the defendant's highway commissioner. The plaintiff claimed that he suffered a rut or hole from 20 to 22 inches deep to remain in the highway. The defendant claimed that the rut was an ordinary rut, not over 6 or 8 inches deep. There is no proof and no claim of actual notice to the commissioner of the existence of the alleged defect. It is claimed, however, that this defect had existed a little upwards of two weeks. The exact depth of this rut or hole which apparently has caused this injury was a matter of controversy upon the trial. The plaintiff himself

was unable to give any description. The plaintiff's brother, however, swore that upon the day succeeding the injury he measured the hole, as he called it, and it was then found to be 2½ feet long, from 20 to 22 inches deep, and about 1 foot wide. Charles Becker, a brother-in-law of the plaintiff, swore that he passed the hole three or four days before the accident, and that it was then about 1½ feet long and "8 or 10, 6 or 8 inches deep." He later swore that it was about 1 foot long and 3 or 4 inches wide, and the deepest part was from 6 to 8 inches. Henry Mallory, sworn for the plaintiff, testified that it was a sort of a longish rut, about 1 foot or 1½ feet long, about 6 or 8 inches deep, and a little wider than the tire,—probably 4 inches. For the defendant, Joseph Hallenbeck swore that it was about 18 inches long, 6 inches deep, and 6 inches wide. Edward Gainsley, sworn for the defendant, testified that it was about 1½ feet long, between 6 and 8 inches deep, and 4 inches wide. William McCullogh, sworn for the defendant, testified that it was 18 or 20 inches long, 4 or 5 or 6 inches deep, and 4 or 5 inches wide. Aaron B. Arnold, for the defendant, swore that it might have been 1½ feet long, maybe 4 or 5 inches deep, maybe 4 or 5 inches wide. Upon this testimony the trial judge submitted to the jury whether there was a dangerous place there, and whether the commissioner ought to have known it, charging them that, if there was a rut only 4 or 5 or 6 inches deep, it was not such a rut as called for repair by the highway commissioner. If, however, the rut was from 20 to 22 inches deep, the jury might say whether this was a dangerous place; and if, as a dangerous place, it had remained there a sufficient length of time so that the commissioner ought to have known it, then the plaintiff, if free from negligence, had a cause of action.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Bailey & Dugan (P. C. Dugan, of counsel), for appellant.
Clute & McCormic (J. H. Clute, of counsel), for respondent.

SMITH, J. The test of defendant's liability is the negligence of the highway commissioner, which, under the law, before it was amended, would have subjected him to liability for this injury. This hole or rut, as far as appears from the evidence, was caused by the natural wear of wagon wheels into the soft clay soil in the spring of the year. While some of the questions put by counsel seem to imply that there was a contributing cause in its relation to the sluiceway under the road, no such inference is legitimate from the evidence in the case. I doubt if, upon country roads, a rut caused mainly by the ordinary travel of wagon wheels in the wet weather has ever been deemed a necessary subject of repair. Those defects cure themselves with the advance of the season, and such conditions the farmer learns to anticipate in the use of the highway at that time of the year. The testimony of the plaintiff's brother that this hole or rut was from 20 to 22 inches deep should not, in our judgment, be made a basis of a recovery as against the testimony of all of the other witnesses sworn either for the plaintiff or defendant. If the hole or rut were only 10 inches deep,—which is the greatest depth sworn to by any other witness,—we are clearly of the opinion that it was not such a defect as called for repair by the highway commissioner. Aside from this consideration, however, there is another objection which is fatal to this recovery. The plaintiff's brother swore that upon the day after the injury this hole was from 20 to 22 inches deep. He further swears, "I knew there had been a hole there for two or three weeks at least." He nowhere swears that the

hole, with that depth, had existed for that length of time. The testimony of one other witness is that it gradually grew in depth, and was deeper the day before the injury than it was three or four days before. While it appears from the other evidence that the rut had existed for about two weeks, there is no evidence whatever that one day prior to this accident a dangerous rut existed; such a one as would give notice to the commissioner of a defective highway. By common experience we know that those ruts are apt to increase by wear from day to day during the wet weather. If two weeks prior this rut had been 2, 4, 6, or 8 inches deep, and the commissioner had had actual knowledge thereof, he would hardly be called upon to make repairs. To give to the commissioner such constructive notice as would make the defendant liable in an action of this nature, the hole or rut must have existed in a dangerous condition for such a length of time that he, in the exercise of reasonable care, might have ascertained its condition. Of this fact the case is barren of proof, and the trial court was not authorized, under the evidence, to submit to the jury the question of constructive notice. This was not one of the through highways. It was simply a crossway in a town which had from 175 to 200 miles of highway. The commissioner had passed over this road in November and February before this accident. If he had been so negligent as to create a liability against this town, he is himself liable over to the town for the judgment recovered. Upon this evidence we should deem it unjust to impose a personal liability upon this highway commissioner, and therefore unjust to impose a liability upon this defendant. The judgment and order should, therefore, be reversed, and a new trial granted, with costs to abide the event.

Judgment and order reversed on the law and the facts, and new trial granted, with costs to appellant to abide event. All concur.