WESLEY DORRER, Respondent, v. TOWN OF CALLICOON, Appellant.

Third Department, May 8, 1918.

**Highways — negligence — accident. to automobile truck driven on improved highway — when town not liable for failure to guard embankment.**

Where the plaintiff, driving an automobile truck upon an improved macadam highway which was smooth, level and passable for a width of twenty feet, locked wheels with a passing buggy so that the car turned at right angles to the road and went head on over an embankment, there can be no recovery against the town because it failed to guard the embankment with a barrier, for the town was under no duty to anticipate that a vehicle would cross the road at right angles. In any event the town was under no duty so to guard the embankment that an automobile weighing two tons and striking head on would not pass over it.

APPEAL by the defendant, Town of Callicoon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 12th day of June, 1917, upon the verdict of a jury for $2,700, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Robert B. McGinn* and *Henry Willis Smith* [*George H. Smith* of counsel]; for the appellant.

*Ellsworth Baker*, for the respondent.

H. T. KELLOGG, J.:

The plaintiff was driving a four-seated automobile truck, carrying eight people, southerly along an improved macadam

highway, on a clear moonlight evening. He saw an approaching horse, drawing a buggy, pull up and stop on the easterly side of the road. He was traveling at from six to eight miles an hour. As he was passing the horse and buggy the horse backed, the left hind wheel of the buggy and the forward left wheel of the car collided and locked, turning the car sharply to the left, so that it crossed the road almost at right angles, went head on over an embankment and capsized, injuring the plaintiff who brought this action against the town, charging negligence for failure to guard the embankment, and had a recovery.

The highway ran north and south upon a course which was substantially straight. It was bordered on the west by a high bank which rose from its edge, and upon the east by a retaining wall of stone. The macadam roadway was twelve feet wide. The space between its westerly edge and the bank was five feet. It was six and a half feet from its easterly edge to the edge of the retaining wall. This space was chiefly occupied by large flat stones, some of them six feet long, which formed the cap of the wall. The spaces between them were filled so that a substantially level surface was presented. From the edge of the retaining wall there was a perpendicular drop of three and a half feet, and a further drop of eight feet at an angle of forty-five degrees. The slope from the center of the roadway to the edge of the wall was about three inches. The wall was not guarded by any fence or barrier.

In *Lane* v. *Town of Hancock* (142 N. Y. 510) a sleigh slipped sideways over an unguarded embankment, and the driver was killed. The roadbed was from twelve to fifteen feet wide, and sloped downward eighteen inches from the inner to the outer edge. It was held that a dismissal should have been granted.

In *Waller* v. *Town of Hebron* (5 App. Div. 577) a frightened horse jumped and carried plaintiff down a bank having an elevation of two and a half feet, and a slope of forty-five degrees. The road was only nine feet wide, and unguarded. It was held that a dismissal should have been granted.

In *Patchen* v. *Town of Walton* (17 App. Div. 158) a team broke a tug and backed a wagon over an unguarded embank-

ment, injuring the driver.  The road was sixteen feet wide, but level and hard.  The bank was forty feet high and very steep.  It was held that a dismissal should have been granted.

In *Glasier* v. *Town of Hebron* (131 N. Y. 447) a frightened horse turned at right angles across a highway and backed a wagon over an embankment, injuring the plaintiff.  The road was seventeen feet wide and was unguarded for a distance of eight feet.  It was held that the town was not under the duty of anticipating that a vehicle would cross the road at right angles and thus enter this narrow space, and that a dismissal should have been granted.

The case of *Nicholson* v. *Town of Stillwater* (208 N. Y. 203) does not militate against these cases.  There the road at the point of the accident had so narrowed that from fifteen feet it somewhat abruptly became only twelve feet wide. The road was on a curve, and the edge of the embankment over which an automobile slipped was concealed by a fringe of weeds.

In this case of a highway, straight, smooth, level, passable for a width of twenty feet, with an edge not concealed by weeds, but disclosed by an unmistakable wall, we think, under the cases cited, there was no duty to guard with a barrier.  In any event there was no duty so to guard that an automobile, striking the barrier head on, with a weight of two tons and a speed of several miles per hour, would not have passed through and over the embankment.

The complaint should be dismissed.

All concurred; COCHRANE, J., not sitting.

Judgment and order reversed, with costs, and the complaint dismissed, with costs