OWEN SHANLEY, Respondent, *v.* THE TOWN OF STILLWATER, Appellant.

Third Department, May 3, 1922.

Highways — action under Highway Law, § 74, to recover damages to automobile truck caused by hole in unimproved highway — evidence presented question of fact as to negligence of defendant.

In an action brought under section 74 of the Highway Law to recover damages for injury to an automobile truck alleged to have been caused by the negligence of the superintendent of highways of the defendant town in permitting a hole to exist in an unimproved highway, it appeared that the testimony on behalf of the plaintiff tended to show that the rut or hole was from twelve to eighteen inches deep, so deep that the truck rested on its axle when the rear wheel was in the hole; that the hole had existed in the highway for at least one month before the accident; that the evidence on behalf of the defendant tended to show that the town superintendent of highways appointed a foreman whose duty it was to supervise the repair of the road; that the road was repaired about the middle of November and that one of the men employed by the superintendent inspected the road some time in December before the accident and found the hole existing at that time but did not report it.

*Held,* on all the evidence, that there was a question of fact presented for the jury and that the judgment in favor of the plaintiff should be affirmed.

H. T. KELLOGG and VAN KIRK, JJ., dissent, with opinion.

APPEAL by the defendant, The Town of Stillwater, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 27th day of July, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The action is brought under section 74 of the Highway Law (as amd. by Laws of 1918, chap. 161).

*George B. Lawrence,* for the appellant.

*Craymer & Donohue* [*W. Joseph Shanley* of counsel], for the respondent.

COCHRANE, P. J.:

The defendant appeals from a judgment against it of $113 damages, besides costs, because of the negligence of its town superintendent of highways in permitting a hole to exist in a highway whereby the auto truck of the plaintiff was damaged. In a hollow between two hills was a sluiceway. The accident occurred December 19, 1918. About fifty feet south of the sluiceway on the easterly side of the road was a hole the dimensions of which are described by witnesses. There seems to have been a continuous

rut for some little distance which was deeper at the place in question. The plaintiff ran a trucking business in Troy and sent his truck into the country for the purpose of gathering produce. At the time of the accident the truck was empty, going somewhere to get a load of hay. The two left-hand wheels both went into this hole, the forward wheel being pushed out by the propelling power of the truck but the rear wheel stayed in the hole and those in charge of the truck were obliged to jack it up and put stones in the bottom of the hole in order to get out. Three witnesses testify that the hole was so deep that the truck rested on its axle and the wheels spun around in the hole. The distance from the hub of the wheel to the outer edge of the tire was eighteen inches. Three witnesses testify that this hole existed about the middle of November. They located it with reasonable certainty as being about fifty feet south of the sluiceway and on the easterly side. Two of them estimated its depth about a month before the accident as from a foot to eighteen inches. The other one estimated its depth at that time as about eighteen inches. I do not think a nonsuit could properly have been granted. In *Osterhout* v. *Town of Bethlehem* (55 App. Div. 198), cited by appellant and decided by this court, it was held as a matter of fact and not as a matter of law that a hole or rut if ten inches deep was not such a defect as called for repairs by the highway commissioner. Other cases cited by appellant also refer to holes not nearly as deep as the present one. Of course, the town called witnesses whose testimony indicated that there was no hole there of such a depth. But the jury has settled that question and by its verdict has said that a hole a foot and a half deep existed a month before the accident. The town superintendent of highways appointed foremen for different districts into which he divided the town. Lewis Crandall was the foreman in charge of the district including the road in question. Under his supervision the road was repaired as late as about the middle of November. He says they scraped it after each rain, but not after the middle of November. Nothing seems to have been done after that except that one of the men some time in December before the accident went along the road raking off the stones. He put his rake into the hole in question to see how deep it was. Of course, he gives its depth as less than do the plaintiff's witnesses. He says it was his duty to report it if he considered it dangerous and that he made no report. In this particular town men seem to have been constantly employed to look after the condition of the highways and keep them in proper repair. This very road concededly had been under observation up to the middle of November after which time nothing seems to have been done,

except that a man went over to rake off the stones, the man who put his rake in this hole in question.

I think it must be held on the evidence that there was a question to go to the jury.

I recommend, therefore, that the judgment and order be affirmed, with costs.

All concur, except H. T. KELLOGG, J., dissenting, with an opinion, in which VAN KIRK, J., concurs.

H. T. KELLOGG, J. (dissenting):

The plaintiff was the owner of an automobile truck which was damaged while being driven over a country highway in the defendant town. The proof shows that it was being driven at about five miles an hour; that the highway was an unimproved road laid upon clay soil; that the road was rough and rutty; that the wheels of the truck were traveling in ruts made by wagons and other vehicles; that suddenly one of the forward wheels dropped into a hole or depression; that the hole was sufficiently deep to cause the forward axle to strike the ground; that the truck bounced forward; that a rear wheel went into the hole; that the hole was so deep that the wheel did not strike ground; that as a result the rear axle was dropped with violence to the roadway and the truck stopped; that the rear axle at its center then rested on the ground at a point midway between the ruts; that the violent dropping of the truck injured its machinery and other parts in various places. The plaintiff has had a verdict for the damage done to his truck upon the theory that the town superintendent of highways was negligent in not repairing the road at the place of the accident by filling in the hole or rut or otherwise making the road safe for travel.

It is not disputed that the so-called hole was in fact a rut which had been expanded in width, length and depth by the wheels of heavily-loaded vehicles which had passed through the same during the wet season in the fall of the year. The witnesses for the plaintiff said that the hole or rut was three feet long and two feet wide. The witnesses Francis Shanley and James Shanley said that the hole was two feet deep. Both of them agreed, however, that they did not measure its depth, and that they could not see the bottom of the hole because it was filled with water. They merely reasoned to their conclusion from the fact that the wheel did not strike ground at the bottom of the hole. The distance between the hub and the outer surface of the wheel was less than eighteen inches. From the center of the axle there projected downwards for about six inches a portion of the housing of the differential. It was upon the housing that the rear end of the truck rested when the wheel

lost trackage. The testimony of these witnesses, therefore, proves no greater depth for the hole than approximately twelve inches. The witness Smodell said that he did not know how deep the hole was, but thought it was " about a foot and a half or something like that." The witness Gilgallon said that he could not swear to the depth of the hole, but " should think a foot or a foot and a half." Another witness by the same name said that he did not know, but should judge " a foot or a foot and a half." No other witnesses for the plaintiff gave proof upon the subject, so that his case closed with no positive evidence that the depth of the hole was greater than twelve inches. On the other hand, as many as five witnesses for the defendant, two of whom actually measured the hole, stated its depth to have been not greater than eight inches.

The highway in question was a back road ordinarily very little traveled. The defendant town, which embraces a territory almost wholly rural, has more than 100 miles of highway, more than 50 bridges, and more than 100 culverts. The highways are almost exclusively laid upon heavy clay soil, which is the natural soil of the town. The accident in question occurred in the month of December, and the hole or rut in question had first appeared in the month of November. The fact that the hole was filled with water shows that the usual heavy fall rains had occurred in the town. It requires but little imagination to visualize the probable condition at the time of substantially all the town roadways. The combination of clay surfaces, heavy rains and traveling vehicles inevitably makes holes and ruts show up in all highways. This is a natural condition which cannot be prevented and to my mind cannot reasonably be cured. It does not seem to me that a town superintendent of highways, having in charge 100 miles of highway, laid upon clay, is open to the charge of negligence because he fails to eliminate all the ruts which come in the rainy season, even ruts, such as this, of a depth of from eight to twelve inches. I think that the case of *Osterhout* v. *Town of Bethlehem* (55 App. Div. 198) justifies the conclusion that the plaintiff had no cause of action.

I favor a reversal and a dismissal of the complaint.

VAN KIRK, J., concurs.

Judgment and order affirmed, with costs.