FRANK BEST, as Administrator, etc., of WILLIAM BEST, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, November 15, 1922.

Highways — liability of State under Highway Law, § 176, for defects in State highway maintained by patrol system same as that of town under same circumstances — action for death of plaintiff's intestate who was killed when automobile bus in which he was riding ran off highway and overturned — steering gear broke and loose gravel on shoulder of road caused bus to turn to side of road — not negligence to put gravel on shoulder of road — highway was straight at point of accident and margin clearly discernible — State not bound to erect barrier — breaking of steering gear proximate cause of accident.

When the State assumed liability under section 176 of the Highway Law for injuries suffered on account of defects in a State highway which is maintained by the State by the patrol system, it put itself under a like liability with towns for injuries due to defects in the highways.

In an action to recover for the death of the plaintiff's intestate, it appeared that at the time of the accident the decedent was riding in an automobile bus on a State highway maintained by the patrol system; that at the point of the accident the road was straight and level and on one side there was a steep decline of about eight feet, the upper half of which was a dirt surface and the lower half a retain-

ing wall; that the macadam surface was fourteen feet in width, on either side of which was a dirt shoulder four feet wide; that the State had recently put loose gravel on the shoulder of the road at the place where the accident occurred; that the steering gear of the bus broke, and when the front wheel ran in the loose gravel the course of the bus was deflected and before it could be stopped the right front wheel went over the edge of the road and the bus overturned, and that the accident occurred in the day time.

*Held*, that it was not negligence upon the part of the State or its representatives to put loose gravel upon the shoulder of the road, nor was it negligence to omit to roll down the gravel sufficiently hard to sustain the bus.

It was not the duty of the State to guard the highway at the point in question with a barrier, for the road was straight and level and the margin was plainly discernible.

Furthermore, if the State had been under a duty to construct a barrier at that point, it would not have been obliged to construct one heavy enough and strong enough to hold the automobile bus from going over the embankment.

The proximate cause of the accident which resulted in the death of plaintiff's intestate was the breaking of the steering gear on the automobile bus in which he was riding.

HASBROUCK, J., dissents, with opinion.

APPEAL by the claimant, Frank Best, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 23d day of April, 1921, dismissing the claim upon the merits.

*Daniel V. McNamee*, for the appellant.

*Charles D. Newton, Attorney-General [Edward M. Brown, Deputy Attorney-General,* of counsel], for the respondent.

VAN KIRK, J.:

The claim is prosecuted by Frank Best, as administrator of William Best. On the 14th day of June, 1919, in the middle afternoon, William Best was riding in an automobile bus, passing upon the highway from Hudson to Philmont in Columbia county. The bus swerved to the right and went down an embankment. William Best was injured and died on the next day. At the place of the accident and for some distance on either side the road is straight and level. It has a macadam surface fourteen feet in width, on either side of which is a dirt shoulder four feet wide, making the width twenty-two feet. On one side of the road the adjoining land is slightly rising. On the other side there is a steep decline of about eight feet, the upper half of which is a dirt surface and the lower half a retaining wall. A short time before the accident, the shoulder having become worn, the State had filled in this shoulder with loose gravel to keep the surface smooth and level with the macadam. The court makes a finding as follows: " When the steering gear of the bus broke the driver of the bus lost control of it so that it could not be guided. He applied both his foot and emergency brakes, but

the momentum carried the bus along for some distance and while so moving his left front wheel ran on the hard surface of the macadam road and the right wheel ran on the loose gravel part of the road and this deflected the course of the bus toward the north edge of the road. It continued its course very slowly and when it got to the edge of the road had almost stopped but still had momentum sufficient to bring the right front wheel over the edge of the road and at that moment the bus overturned and dropped to the bottom of the embankment in the field adjoining." This finding is justified by the evidence. There was no barrier erected along the side of the road at the place of the accident. The edge of the road and the embankment were plainly discernible.

Section 176 of the Highway Law (as amd. by Laws of 1916, chap. 578)* provides: "The State shall not be liable for damages suffered by any person from defects in State and county highways, except such highways as are maintained by the State by the patrol system." The highway in question was so maintained. When the State assumed liability for injuries suffered on account of defects in a highway so maintained, it put itself under a like liability with towns for injuries due to defects in the highways. (Highway Law, § 74, as amd. by Laws of 1918, chap. 161; Code Civ. Proc. § 264; Court of Claims Act, § 26.)

It was not negligence upon the part of the State or its representatives to put loose gravel upon the shoulder of the road. It was but performing its duty when it filled in the worn places along the side of the road to protect the traveling public from dangers due to the dirt surface being below the macadam surface, or to an uneven surface, and the omission to roll down the gravel sufficiently hard to sustain the bus was not negligence.

The chief question arises as to whether or not the State should have erected barriers. In this case the circumstances are very similar to those in *Dorrer* v. *Town of Callicoon* (183 App. Div. 186), where the court cites controlling authorities and concludes that there was no duty to guard the highway with a barrier, where the road was substantially straight, the width of the entire surface about the same as in this case at bar, the margin plainly discernible, but there was a perpendicular drop of three and one-half feet and a further drop of eight feet at an angle of forty-five degrees; the automobile collided with a light wagon, was diverted from its course and ran off the embankment. Here the steering gear broke and in consequence the driver could not guide or control the course of the bus. It gradually swerved to the right from

---

* Since amd. by Laws of 1922, chap. 371.— [REP.

the hard macadam to the dirt surface. When the right front wheel struck the rougher and softer dirt surface, the front wheels, without steering gear control, naturally turned further towards the edge of the road. The brakes were insufficient to stop the heavy bus. We do not think that the guardians of the highway would reasonably anticipate the occurrence of such an accident as this. The edge of the macadam was as plainly discernible as if a barrier had marked it and there is no claim that the accident happened because the driver did not realize where the edge of the road was. Unless a barrier had been constructed sufficiently strong to hold the weight of this bus, even though it had almost stopped, it could not have prevented this accident; and it is not the duty of the State or of a highway officer to construct a barrier sufficiently strong to hold a heavy car or truck from going over an embankment. The existence of a guard rail, such as the State might be called upon to erect, would not have prevented this accident. Had the steering gear not broken the accident would not have occurred. We think the breaking of the steering gear was the proximate cause of the accident. In *Laidlaw* v. *Sage* (158 N. Y. 73, 99) the court defined proximate cause as follows: " ' The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred.' "

The court was justified in finding that negligence on the part of the State or its agents was not the cause of the death of William Best. The judgment should be affirmed, with costs.

H. T. KELLOGG, Acting P. J., KILEY and HINMAN, JJ., concur; HASBROUCK, J., dissents.

HASBROUCK, J. (dissenting):

The point of the accident was a much-traveled highway in the village of Mellenville. The road running east and west was straight for one hundred feet at the place of the accident. On the north side of the road there was an abrupt decline from the edge of the shoulder of some eleven or twelve feet at the lowest point. The declivity continued along the road for one hundred and thirty-five feet. The macadam was fourteen feet wide. The shoulder on the north was four feet wide. The road and shoulders twenty-two feet wide. Between the macadam and the shoulder which had worn away, the State had placed gravel some four or five inches thick. On June 14, 1919, claimant's intestate was riding in the bus traveling between Hudson and Philmont. In Mellenville the chauffeur undertook to stop his bus and found the steering gear broken. The

bus went ahead until its front wheels sunk in the gravel near the edge of the shoulder, ran near to the decline and slowly capsized there. Claimant's son was injured and died on the next day.

I think it is clear that the place was dangerous and that it was rendered more dangerous by the presence of such a depth of gravel. There is nothing unusual in the breaking of the steering gear of an automobile. It is likely to happen to anybody and at any place. It happened here where anybody could see that if an auto became unmanageable the traveler was immediately in danger from this embankment. The omnibus sank in the gravel to the top of the embankment which started at the road's edge and toppled over. If there had been a guard rail or barrier there, claimant's child would not have been killed. The barrier would have kept the wheels straight and not allowed the front ones to turn down the embankment.

The judgment should be reversed. (*Nicholson* v. *Town of Still-water*, 208 N. Y. 203; *Wallace* v. *Town of New Albion*, 121 App. Div. 66; affd., 192 N. Y. 544; *Dorrer* v. *Town of Callicoon*, 183 App. Div. 186; *Newell* v. *Town of Stony Point*, 59 id. 237; *Sweet* v. *Perkins*, 196 N. Y. 485; *Ivory* v. *Town of Deerpark*, 116 id. 476; *Ring* v. *City of Cohoes*, 77 id. 83.)

Judgment affirmed, with costs.