JOHN D. ROBERTS, as Administrator, etc., of MYRA E. ROBERTS, Deceased, Respondent, *v.* TOWN OF EATON, Appellant.

Third Department, November 15, 1923.

Towns — action under Highway Law, § 74, to recover for death of plaintiff's intestate who was killed when her automobile left road and turned over — road at time of accident late in December was much traveled and rutty and there was steep decline on one side which was without barrier — intestate's automobile left road as she met another automobile — similar accident occurred short time before with knowledge of town superintendent of highways — verdict for plaintiff that town was negligent in not maintaining barrier not against evidence.

In an action under section 74 of the Highway Law to recover for the death of plaintiff's intestate who was killed when her automobile left the public highway, the verdict of the jury that the town was negligent in not maintaining a barrier at the place of the accident is not against the weight of the evidence, where it appears that the road was a much traveled highway; that at the point where the accident occurred there was a steep hill on one side and a sharp decline on the other; that apparently the road was not well drained at that point and at the time of the accident late in December it was very rutty; that the plaintiff's intestate upon meeting another automobile turned the wheels of her automobile out of a rut and in doing so the rear wheels skidded over the bank and the automobile turned over; that shortly before the accident in question a similar accident had occurred near the same place and on the same road, of which the town superintendent of highways had notice.

H. T. KELLOGG and HINMAN, JJ., dissent.

APPEAL by the defendant, Town of Eaton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 18th day of November, 1922, upon the verdict of a jury for $6,000, and also from orders entered in said clerk's office on the 23d day of November and the 4th day of December, 1922, respectively, denying the defendant's motion for a new trial made upon the minutes.

*John A. Johnson,* for the appellant.

*Stanley Bliss,* for the respondent.

HASBROUCK, J.:

About four o'clock on the afternoon of December 24, 1921, the plaintiff's intestate, Myra E. Roberts, a woman aged about thirty-six, and weighing 200 pounds, was driving a Chevrolet car weighing about 3,000 pounds eastwardly along the highway in the town of Eaton, Madison county, between the villages of West Eaton and Eaton. With her was her daughter aged ten.

That road carries a great deal of traffic and probably is well described by saying it was much used. On that road the plaintiff's

intestate met an automobile being driven westwardly by John Cowlen. At that season of the year and upon this day there were at least four ruts in the road and as the cars approached each other their wheels evidently were in the same ruts. John Cowlen turned to his right and succeeded in getting his right wheels out of the said ruts but his left wheels remained in one of them. Plaintiff's intestate could not pass the Cowlen car without getting her left wheels out of the rut in which the left wheels of the Cowlen car remained. She, therefore, undertook to get the wheels of her car out of that rut and in her endeavor to do so she backed her car three times and the third time she started ahead her front wheels left the ruts and went over to the side of the road and reached the edge thereof at which there was an embankment. She controlled her car to keep the wheels running with the road but the edge of the road was slippery from snow and the rear wheels skidded over the bank and the Chevrolet car toppled over.

Mrs. Roberts had several ribs broken and suffered a puncture of the pleura from which she died. Plaintiff filed a verified claim for the death of his wife in accordance with section 74 of the Highway Law (as amd. by Laws of 1918, chap. 161) against the town, which was rejected by the town authorities.

He has brought a suit alleging that the death of his wife was due to the failure of the town to erect a barrier at the point of the accident. The road between the villages of West Eaton and Eaton is a highway which has existed there for many years. The road runs east and west. To the north of the road is a steep hill; to the south of the road the land declines abruptly for four or five feet and thence declines to a pond 175 feet away at an angle described in the testimony as thirty degrees. At the place of the accident the road is described as running on a slight curve. After the fall rains the road in that season annually becomes wet and rutty.

The inference is that the water runs upon the road from the hill at its side. It was usable to the edge of the hill. There is some evidence that at the north side there was a ditch but from Exhibit No. 1 it appears that there was little if any depth to such ditch. There was no guard rail along the road on the south side at the time of the accident, and there had been none for many years, at least. That condition existed from a large maple tree twenty-three feet away from the point of the accident for four or five rods. The traveled part of the highway including the ditch was testified to be twenty feet wide. From the southerly side of the traveled way to the edge of the declivity, plaintiff's witnesses testified the distance was from two to four feet, but defendant's witnesses testified it was six feet. Plaintiff's witnesses testified that there was

some snow on the ground and that the portion of the highway south of the traveled road was slippery. The defendant's testimony represents the distance between the southerly rut to the edge of the road to be six feet and that next to the road is a ditch, then a path one foot wide and some grass two feet wide. Along the southerly side of the road at the point of the accident and at the foot of the abrupt pitch on the land there runs a fence of posts and wire.

The substantial question of fact presented by the appeal is, was the road at the point of the accident in a dangerous condition and did the town superintendent fail to exercise reasonable care in neglecting to erect proper guard rails or barrier?

The town was under the obligation of maintaining 129 miles of road and great numbers of sluices and many bridges. Near the point of the accident and over the like edge of the road some four or five rods away early in December of 1921 in similar circumstances to that of the accident in question the car of Samuel Wickens had gone over the edge of this highway to the knowledge of the town superintendent of highways. It is general knowledge that country dirt roads such as the one in question become rutty in the spring and fall and that there are no public means nor official vigilance equal to the task of eliminating the condition. While all that is true the town is not relieved from all duty with regard to conditions which obtrude upon the mind of a reasonable man to assert a condition of special danger. Was it one from the consequence of which the town should be held immune as a matter of law? Regarding cases like the one at bar Judge Hiscock has well said: "A case of this kind is always more or less perplexing. * * * On the one hand, it may well be argued that a town may not be held to too strict a rule of liability whereby it shall be required to guard against every minor defect. * * * On the other hand, it is equally apparent that a line must finally be reached where at least a jury shall be permitted to say whether such a municipality has or has not been guilty of negligence in respect of some particular defect. The difficulty in each case is to decide on which side of the line it is placed by its particular facts." (*Nicholson* v. *Town of Stillwater*, 208 N. Y. 208.)

The particular facts in the case at bar which afford allocation to it are that here was no out of the way country road but a much-traveled one. It undoubtedly even as such would not reasonably require to be guarded at its side were the road at this place one carrying no condition heralding danger. But here on this much-used road were these great ruts. The town superintendent, familiar as he must have been with the general use of automobiles, with

their unwieldiness in ruts, was in the exercise of little vision if he could not see the danger that would arise at the place of the accident from any attempt by a chauffeur to extricate himself from such ruts. He must have known that a car needs the application of extra power to climb them and that such power could not be immediately restrained once the wheels found release from them. If he had given the location and its condition proper consideration during the years of his tenancy of office ought he not as a reasonable man to have sensed the danger the condition presented and have reached the inquiry as to how the danger could be avoided and would not the reasonable answer have been a barrier? It seems to me that the great automobile traffic over this road called for attention to the road at the point of the accident. It is true that a man should not have damages merely because his wife's car runs off the road and she is killed. But he is entitled to have reasonable care bestowed upon the road his wife has to travel — a care which has in view the fact that women and young persons have not that ability to recover themselves from dangerous situations that seasoned drivers or resourceful men may have. Here these ruts had been year after year and to make them deeper and more dangerous came the incessant use of the modern vehicle. There is no question but that the town superintendent knew of the condition before the accident happened; no question but that he had funds with which to provide guards. Official ordinary vigilance should have been exercised to meet the new danger to cars from the ruts. I think the superintendent failed in his duty to the public in neglecting to guard the side of this much-traveled deeply rutted road and that the town as matter of law ought to have no immunity from its officer's neglect.

There is no case to which my attention has been called the facts of which are entirely similar to those at bar. The case of *Best* v. *State of New York* (203 App. Div. 339) is partially similar with respect to the unguarded bank at the side of the road. There the steering gear of the motor bus broke and unguided it reached the bank and toppled over. If in the highway itself there laid the cause of the approach of the bus to the bank the result of the court's action might have been different. The case of *Dorrer* v. *Town of Callicoon* (183 App. Div. 186), relied upon by the appellant, is not at all similar to the case at bar. There the wheels of the plaintiff's car locked with those of a buggy and the automobile's course was diverted so that it ran head first over an embankment by the side of the road. This court properly held that if a barrier had been there it would not have been any protection to an auto driven upon it at a right angle. Neither is the case of *Osterhout*

v. *Town of Bethlehem* (55 App. Div. 198) controlling. There a country cross road had become deeply rutted in the spring and the plaintiff while driving a horse and buggy along it was thrown out of his buggy and injured. The court held that upon the evidence of that case the commissioner of highways, who had no actual notice of the condition of the road at the place of the accident and where there was no evidence whatever " that one day prior to this accident a dangerous rut existed," should not be held guilty of negligence and that the town should have a like immunity accorded to the commissioner.

I appreciate that the facts warrant the argument that if the town be not liable for the rutty condition of the road, nor for its barrierless side, then it cannot be held liable in the instant case. That conclusion, however, I think, is a *non sequitur*. One fault not constituting in itself a legal wrong may become such by conjunction with another fault. It is trite that the concurrence of two acts might compose a wrong where either of them might alone remain innocuous. Thus we think it laid within the province of the jury under the circumstances of this case to say that the failure to erect a barrier constituted negligence. (*Snowden* v. *Town of Somerset*, 171 N. Y. 99, 106.)

I favor the affirmance of the judgment.

Cochrane, P. J., and McCann, J., concur; H. T. Kellogg and Hinman, JJ., dissent on the authority of *Lane* v. *Town of Hancock* (142 N. Y. 510).

Judgment and orders affirmed, with costs.