URSILLA MARTTAS, Administratrix, etc., of MARY MARTTAS, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 18371.)

Court of Claims, December 26, 1928.

*Ernest P. Lyons* and *Benjamin McClung*, for the claimant.

*Albert Ottinger, Attorney-General [John L. Campbell, Deputy Assistant Attorney-General*, of counsel], for the State of New York.

BARRETT, J. On May 15, 1926, Albert Bartlett, twenty years old, accompanied by two girls and a young man, left Schenectady about seven-thirty P. M. in an automobile to drive to Ballston Spa to visit a friend of one of the passengers. The road over which he proceeded is a State highway known as Ballston Lake-High Mills State Highway No. 5281.

Returning, the party left Ballston Spa about nine-forty-five P. M. proceeding southerly over the same highway and had reached a point a short distance north and east of the line between Schenectady and Saratoga counties, when the car struck a telegraph pole and Mary Marttas, one of the passengers, was killed.

This claim is by her administratrix for damages by reason of her death.

The highway runs generally north and south, but at the scene of the accident there is a curve to the west at an angle of about forty degrees. The macadam part of the road was sixteen or seventeen feet wide with shoulders and had a slight grade southerly to the corner and was about level on the curve with a slight grade therefrom.

About where the curve begins and west of the highway is a house known as the Lyons house and claimant contends that when Bartlett's car reached a point in front of this house, the right rear wheel struck a hole on the right or west side of the road and extending to the shoulder of the road, causing the wheel to break off and turn the car to the left; that the driver tried to turn the car back on the road but as he did so, his foot hit the accelerator and the car went rapidly, diagonally across the road and into the pole. This pole was about two hundred feet from where the hole is alleged to have been and was on the opposite side of the road on the curve and about ten feet from the macadam part of the highway.

The State on the other hand claims that there was no such hole and that the accident was caused solely by the reckless driving of the car without regard to the sharp curve and at so fast a rate of speed that when the driver tried to make the turn he was unable

to do so and crashed into the pole with such force as to turn the car completely around and cause plaintiff's intestate to be thrown and killed.

The evidence of witnesses called by claimant and the State as to the condition of the highway is in direct conflict. Concededly in April, 1926, in front of the Lyons house the surface of the road was broken and a hole existed, extending nearly across the road. The State claims that the road at this place had been repaired in April and was clear of holes at the time of the accident. The highway was sixteen or seventeen feet wide and the width of the hole alleged to have caused the accident was not to exceed three and one-half feet. It is obvious, therefore, that most of the large break in the pavement had been filled before the accident. There is no evidence as to the measurements of the large break existing in April except that it nearly crossed the road and there is no proof that the hole alleged to have caused the accident was part of the large break, except as it appears that this large break in the pavement was in front of the Lyons house where the wheel is alleged to have broken. But as before pointed out, at least part of that break had been filled and there is no proof that the remaining part constituted the hole alleged to have caused the accident.

The only evidence as to the existence of this hole at a definite time prior to the accident was given by a witness who investigated the matter for claimant and who said that he observed it on May tenth.

The liability of the State for injuries caused by defects in State highways is similar to the liability of towns (*Best* v. *State*, 203 App. Div. 339; affd., 236 N. Y. 662), and this liability has been defined to be the failure to use ordinary care and reasonable caution in the maintenance and repairing of highways. (*French* v. *State*, 120 Misc. 867.)

Such a period of time as the particular defect complained of is shown to have existed, is not sufficient to charge the State with notice of the dangerous condition of the highway.

The depth of the hole into which the automobile is claimed to have sunk was variously estimated, but was given by one witness who measured it as from seven to nine inches.

It is doubtful whether assuming that such a hole did exist at the season of the year when highways may reasonably be expected to be more or less rough and broken up and which hole was described in substance by one witness as a place punctured by heavy rigs causing the mud to come through and make the surface irregular, constitutes such a defect as to impose liability therefor upon the State. (*Osterhout* v. *Town of Bethlehem*, 55 App. Div. 198.)

However, while there is sharp conflict between the witnesses as to the condition of the highway, there is evidence indicating very strongly that the accident happened through the negligence of the driver and not by reason of any defect in the road. Grant, a disinterested witness, driving in the same direction testified that he was overtaken and passed by Bartlett about 1,000 feet from the scene of the accident; that he was driving from 25 to 28 miles an hour; that Bartlett's car passed him on the left side going much faster; that Bartlett's car continued on the left side of the road and at no time was within three feet of the right edge of the road, proceeding in that way until it struck the pole and that when the collision occurred the witness had traveled but half the distance to the pole. This evidence is corroborated by other eye witnesses and strongly indicates that Bartlett was driving his car on the left side of the road at a high rate of speed as he approached the curve and that the accident could not have been caused by the defect alleged to have existed in the highway.

As in civil cases generally, the burden of proving her case by a fair preponderance of evidence rested on claimant. I am convinced that she has not sustained that burden, but that on the contrary, the evidence discloses that Bartlett was operating his car in reckless disregard of his approach to the curve so that when he tried to make the turn he was unable to do so and in consequence crashed into the pole. It was the negligence of the driver and not a defect in the highway that caused the accident and the death of claimant's intestate.

While counsel for claimant seems not to have pressed the contention that the State should have had warning signals at this curve, yet in view of the fact that Bartlett had driven over the same place but a short time before on the same day, that he admitted that he knew he was approaching the curve and as there was nothing unusually dangerous about the curve itself, I am satisfied that the absence of such signals did not impose liability upon the part of the State.

I have come to the conclusions herein expressed without regard to any evidence of alleged conversations between the witness Lyons for the claimant and witnesses for the State.

The claim should be dismissed.

Parsons, J., concurs.