HOWARD E. FLETCHER, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 19477.)

Court of Claims, April 4, 1932.

CLAIM against State for alleged defect in highway.

*Francis B. Cantwell,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Deputy Assistant Attorney-General,* of counsel], for the State of New York.

BARRETT, P. J. Jurisdiction to hear and determine this claim was conferred upon this court by chapter 697 of the Laws of 1931. Under this act it was incumbent on claimant to prove that the accident happened by reason of the negligence of the State.

There is not much dispute as to the facts. Claimant on July 30, 1929, was a passenger in an automobile, a Ford roadster, which was being driven in a southeasterly direction on Wawbeek avenue in the village of Tupper Lake, N. Y., said avenue being a part of a highway constructed and maintained by the State. When the car in which claimant was riding reached a point in the street from ten to fifteen feet from a flasher, or signaling, device, the left front tire blew out, causing the automobile to swerve to the left and collide with the flasher. Claimant was thrown from the car and severely injured.

This flasher, which was a signaling device to warn traffic, was located near the intersection of three streets and had been so placed by the village authorities. It weighed about 2,600 pounds with a concrete base two and ninety-five one-hundredths feet on one side and two and eighty-five one-hundredths feet on the other. This base was two feet one inch high and from the base the flasher extended up four and three-tenths feet with a glass globe on top. The pavement where it stood was eighteen feet wide and the device was placed just right of the center line of the roadway as it was approached by the car in which claimant was riding. At or near where the accident happened the concrete pavement widens to the right and left to take care of turns on both sides and at a point opposite the flasher the surface of this highway is one foot higher than the sidewalk and the shoulder or gutter outside the concrete and between the concrete and the sidewalk drops one foot in eight feet and narrows finally to a point where it drops one foot in four feet.

Claimant contends that this signaling device, three feet approximately off center, compelling cars approaching it to swing to the right with a sharp drop in the shoulder or gutter on the right, constitutes a defect in the highway which the State should remedy, and further claims that if this flasher had not been so placed the

accident would not have happened and that it was the dangerous location of the flasher that was the proximate cause or at least one of the concurring proximate causes of the accident.

It is difficult to see how the location of the flasher was a proximate cause of the accident. Wherever located it might have been in the way of the car. This is clearly evident from the fact that the automobile, a light roadster, struck with such force that the heavy flasher was moved a considerable distance from its original position.

It is the duty of the State to maintain its highways in a reasonably safe condition, but such a requirement does not mean that it has to guard against accidents which in the ordinary course of events may not reasonably be expected to happen, and obviously a tire blow-out at the location of the flasher was not an accident which the State could reasonably expect might happen.

The proximate cause of the accident was the blowing out of the tire and not the location of the signal.

From the evidence it clearly appears that the driver had plenty of room to drive by the flasher as he was proceeding and would have gone by in safety if the tire had not blown out.

The accident was one which could not reasonably have been anticipated and the State is not liable. (*Best* v. *State of New York*, 203 App. Div. 339.)

I have read with great care the able brief of counsel and the cases cited but find nothing therein to change the views herein expressed, and the claim must be dismissed.

POTTER, J., concurs.