PERCY A. COUNTRYMAN, as Executor, etc., of NINA COUNTRYMAN, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22047.)

ERNEST L. COUNTRYMAN, by PERCY A. COUNTRYMAN, His Guardian ad Litem, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22048.)

CORA J. COUNTRYMAN, by PERCY A. COUNTRYMAN, Her Guardian ad Litem, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22049.)

ROBERT P. COUNTRYMAN, by PERCY A. COUNTRYMAN, His Guardian ad Litem, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22050.)

IVA E. COUNTRYMAN, by PERCY A. COUNTRYMAN, Her Guardian ad Litem, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22051.)

PERCY COUNTRYMAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22052.)

Court of Claims, April 26, 1935.

*Charles L. Earl*, for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General*, of counsel], for the defendant.

*Leonard B. Moore* and *Melburn D. Smith*, for the village of Fort Plain.

RYAN, J.  On November 27, 1930, claimants' testate, Nina Countryman, accompanied by her four children, was driving an automobile through the incorporated village of Fort Plain, Montgomery county.  It was daylight, being about four-thirty o'clock in the afternoon.  There was some ice and snow on the street and flurries of snow were falling.  The automobile, crossing Otsquago creek and turning to the right, proceeded uphill onto Kellogg street.  It made a wide turn and came up on the left-hand side of the highway.  It proceeded uphill about eighty feet to a point where an automobile was parked.  Here it turned sharply to the right, crossed to the right-hand side of the highway, broke through a wooden guard rail and dropped down a precipitous bank into the creek.  Mrs. Countryman was killed and each of the four children injured.

Kellogg street in the village of Fort Plain is a State and county highway built and maintained under the patrol system pursuant to article 7 of the Highway Law.  The Attorney-General asserts that the following language of section 176 of the Highway Law relieves the State of New York from liability.  We quote: " Within the limits of incorporated villages the State shall maintain a width of pavement equal to the width of pavement constructed or improved at the expense of the State, if a State highway, or of the State and county, if a county highway, the location of the State's portion of such roadway within said incorporated limits to be determined by the center line of the roadway as shown on the plans on file with the State Highway Department, and the State shall be liable for damages to persons or property only when such damages shall occur as a result of the defective condition of the portion of improved highway as above described."

But claimants have proceeded under section 12-a of the Court of Claims Act.  No claim is made of any defect in the surface of the highway.  The State's employees are charged with negligence in the maintenance of the guard rail.  We think the language quoted does not excuse the State from the duty of exercising reasonable care in providing and maintaining proper guards and barriers even though their location should be outside of the State's portion of the roadway as therein described.

It is claimants' theory that the State, once having erected a guard rail, was bound to maintain it in as efficient a condition as it was at the time of its construction. There is evidence that the posts and rails which gave way had rotted; that they were the identical timbers placed there when the road was built fifteen or more years prior to the accident. But to make a finding that the guard rail, if brand new, would have held the Countryman automobile would be pure speculation. It was not the duty of the State to have erected a barrier sufficiently strong to do that. (*Best* v. *State*, 203 App. Div. 339; affd., 236 N. Y. 662; *Dorrer* v. *Town of Callicoon*, 183 App. Div. 186.)

The proximate cause of the accident was the loss of control of the automobile by its driver. The claims must be dismissed upon the merits. In reaching our decision we have disregarded the testimony concerning the broken and defective emergency brake toggle found inside the housing several days after the accident.

ACKERSON, J., concurs.