ARTHUR ALDI, Appellant, Respondent, v. S. A. SCULLEN CO., INC.; THE TOWN OF CLIFTON PARK, Respondent, Appellant. VALENTINE MAUL, Appellant, Respondent, v. S. A. SCULLEN Co., INC.; THE TOWN OF CLIFTON PARK, Respondent, Appellant. JEAN SWIENCICKI, Appellant, Respondent, v. S. A. SCULLEN Co., INC.; THE TOWN OF CLIFTON PARK, Respondent, Appellant.— Plaintiff in the first-entitled action was the owner and operator of an automobile in which the coplaintiffs were passengers. While plaintiffs were riding in such automobile in the early morning of August 3, 1935, over a dirt and gravel highway of the defendant town the car tipped over and plaintiffs were injured. These actions were brought by them against defendant town to recover damages, because of the alleged negligence of defendant's highway commissioner. A jury returned favorable verdicts for plaintiffs which the trial judge set aside as against the weight of the evidence. The court granted new trials. Plaintiffs have appealed from so much of the order as sets aside their verdicts. Defendant has appealed from so much of the order as denies its motion to nonsuit plaintiffs and dismiss their complaints. Plaintiffs' proof shows that their car hit a stone on the highway, about four inches in diameter, then seemed to sink in a hole and tipped over. Plaintiffs' proof also discloses that there were several stones of the size already indicated on the highway and that there were eight or nine holes eight or nine inches deep. There was no proof of actual notice to the commissioner of highways of the alleged defective condition of the highway and no competent proof of constructive notice. The alleged defects in the highway are entirely too trivial in character to make the town liable. (*Osterhout* v. *Town of Bethlehem*, 55 App. Div. 198.) The order setting aside the verdicts is affirmed. The order denying defendant's motion to nonsuit plaintiffs and dismiss their complaints is reversed on the law, and such motion is granted, with one bill of costs to defendant. Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., and Rhodes, J., dissent.