WILLIAM H. WHALEY, Appellant; *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

*Insurance — action to recover on policy of accident insurance — insufficiency of notice — extent of disability.*

*Whaley* v. *Mass. Bonding & Ins. Co.,* 199 App. Div. 952, affirmed.
(Argued October 5, 1923; decided October 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 25, 1921, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover upon a policy of accident insurance. The defense was that notice of the accident had not been sent to the company within thirty days after the accident; and second, that plaintiff had not been immediately, continuously and wholly disabled and prevented from attending to any and every kind of duty pertaining to his occupation, as provided in the poilcy.

*Louis E. Fuller* for appellant.
*Thomas D. Powell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

FRANK BEST, as Administrator of the Estate of WILLIAM BEST, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent.

*State — highways — filling in defect with gravel — failure to maintain barrier along side of road — claim for death through automobile going over embankment dismissed.*

*Best* v. *State of New York,* 203 App. Div. 339, affirmed.
(Argued October 5, 1923; decided October 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 4, 1922, affirming a judgment in favor of defendant entered upon a decision of the Court of Claims dismissing a claim against the state for the death

of plaintiff's intestate alleged to have been occasioned through the negligence of the state in having loose gravel placed upon the shoulder of a state patroled highway and in failing to provide a sufficient barrier so as to prevent a bus in which decedent was riding as a passenger from going over an embankment after the breaking of its steering geer.

*Daniel V. McNamee* for appellant.

*Carl Sherman, Attorney-General (W. J. Wetherbee* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE CITY OF NEW YORK, Appellant, *v.* HENRY L. BELL, Respondent.

*Real property — title — ejectment — failure to record deed.*

*City of New York* v. *Bell,* 205 App. Div. 855, affirmed.

(Argued October 5, 1923; decided October 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 23, 1923, affirming a judgment in favor of defendant entered upon a verdict. The action was in ejectment. Plaintiff makes its claim upon a deed dated May 1, 1878, but not recorded until June 28, 1917. Defendant claimed title under a deed from the same grantor dated September 13, 1906, and recorded November 16, 1906.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, Elliot S. Benedict* and *Robert J. Culhane* of counsel), for appellant.

*Lynn C. Norris* and *Arthur P. Hilton* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.