JAMES W. RIGBY, as Administrator, etc., of WILLIAM T. RIGBY, Deceased, Respondent, *v.* TOWN OF GERRY, CHAUTAUQUA COUNTY, N. Y., Appellant.

Fourth Department, May 21, 1924.

Towns — action against town to recover for death of plaintiff's intestate — intestate was killed when his automobile ran off bridge — accident happened in daytime on straight, smooth road which was familiar to intestate — no eye witnesses to accident — lack of barriers at bridge approach — verdict for plaintiff against evidence — town held to higher degree of care under present means of transportation.

In an action to recover damages for the death of plaintiff's intestate who was killed when his automobile ran off a bridge, the verdict in favor of the plaintiff is against the evidence, where it appears that the accident occurred in the daytime on a straight, smooth road which was familiar to the decedent and which he passed over daily; that there were no eye witnesses to the accident; that the roadway as it approached the bridge was eight feet wide and the bridge was fourteen feet wide; and that there were no barriers along the approach to the bridge.

Fourth Department, May, 1924.                    [Vol. 209

*It seems,* that towns are now held to a higher degree of care in the maintenance of highways and bridges and the protection of the safety of travelers than they were before the present means of transportation by automobiles came into use, but the primary principles of liability have not changed and the duty devolving upon the town and its officers is that of ordinary care and prudence under existing circumstances.

APPEAL by the defendant, Town of Gerry, Chautauqua county, N. Y., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 11th day of December, 1923, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Thomas P. Heffernan,* for the appellant.

*C. R. Crosby,* for the respondent.

DAVIS, J.:

In the forenoon of July 5, 1922, plaintiff's intestate, William T. Rigby, came to his death when the Ford automobile he was driving ran off a highway bridge and dropped into a gully or ravine.

The verdict for plaintiff determines that the accident occurred through the negligence of defendant and that decedent was free from contributory negligence.

Just how the accident happened is a mystery. There were no eye witnesses so far as known. The highway in question runs north and south through the town. It descends from the south to a point near the bridge at about a six per cent grade and ascends again to the north after crossing the bridge. The highway is practically straight. It is sufficiently wide for the ordinary purpose of travel and comparatively smooth. The decedent was perfectly familiar with the highway and bridge, having lived for several years in the neighborhood, and he crossed the bridge daily.

The morning of the accident Mr. Rigby had left his home north of the bridge to deliver the morning's milk at a gathering station to the south. He was in a hurry to return home to engage in the work of drilling in buckwheat. When last seen he was traveling north on this road on his way home at the rate of from thirty to thirty-five miles per hour. It was about eight o'clock on a bright morning that the accident occurred.

It appears that when discovery of the accident was made about ten-thirty in the forenoon, the tracks of his automobile were visible in the dust and sand of the road. These appeared to leave the beaten track three to five feet before the bridge was reached and led directly to its southwest corner and over the wing wall.

The plaintiff's claim of negligence is based chiefly on the fact that the roadway as it approached the bridge was narrow and on the theory that it was the duty of the defendant to maintain barriers at the approaches. The bridge was about twenty-four feet long and fourteen feet wide with a railing at each side. The beaten track of the road varied from seven and one-half to ten feet wide as it approached from the south. At the bridge its width was eight feet. The shoulders of the road at about the same level as the traveled portion were from twenty-seven to thirty inches wide on each side. They were at the time covered with grass and weeds. From these shoulders near the bridge an abrupt bank sloped down into the ravine. These banks evidently came to the corners of the bridge. There was no guard rail along these banks.

The defendant contends that it is guilty of no negligence because its officers could not reasonably anticipate that an accident of this kind was likely to occur and in fact nothing like it had ever occurred to bring notice to the town of any necessity for a barrier. It is argued further that the road was of sufficient width to furnish a safe means of travel, in fact as wide as the natural conditions permitted, and that the absence of a guard rail was not a proximate cause of the accident.

The defendant made proof also that on the morning in question and a short time previously, there was some defect in the steering apparatus of Mr. Rigby's automobile which caused it to swerve suddenly and to fail to answer the control of the steering wheel. It is on this theory that defendant attempts to account for the otherwise inexplicable circumstances that the automobile turned from the highway and went off the bridge. This is disputed by plaintiff who asserts that the automobile had recently been put in good order, and recent use showed that it remained so.

Very likely towns are now held to a higher degree of care in the maintenance of highways and bridges and the protection of the safety of travelers than they were in the days of ox carts or of horse-drawn vehicles. The degree of care must be commensurate with modern conditions of traffic. (*Lendrum* v. *Village of Cobleskill*, 192 App. Div. 828.) But primary principles of liability have not changed. The duty devolving upon the town and its officers is that of ordinary care and prudence under the existing circumstances. Negligence can be based only on an omission under these circumstances reasonably to foresee and anticipate danger and the neglect of the duty reasonably to take necessary precaution to avert it.

What particular act or omission on the part of the town or the town superintendent can be pointed out as negligence constituting the proximate cause of this accident? Mr. Rigby was traveling

this road daily and knew the conditions existing at the bridge. The road was sufficiently wide for a safe passage. There were weeds and grass along its borders, but he could not have been deceived by their appearance for he was familiar with the road in all seasons. His view was clear, the way open before him, and a guard rail could have given him no information more than he already possessed. It would need to be of great strength if it would serve to stop his car coming down a grade at high speed. Had the accident occurred in the night or during a storm when his view was obscured, or if he had suddenly been called upon to turn out in meeting another vehicle, a different situation might be presented. (*Nicholson* v. *Town of Stillwater*, 208 N. Y. 203.) But on the present record, proof of actionable negligence seems lacking. (*Flansburg* v. *Town of Elbridge*, 205 N. Y. 423; *Mack* v. *Town of Shawangunk*, 98 App. Div. 577; *Dorrer* v. *Town of Callicoon*, 183 id. 186; *Best* v. *State of New York*, 203 id. 339; affd., 236 N. Y. 662.) It is difficult also to account for the accident on any theory other than careless driving or the use of a defective automobile.

The verdict was against the weight of evidence on the questions of the negligence of defendant as the proximate cause of the accident, and the freedom of decedent from contributory negligence.

The judgment should be reversed and a new trial granted, with costs to appellant to abide event.

All concur; Hubbs, P. J., not sitting.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.