JOHN D. ROBERTS, as Administrator of the Estate of MYRA E. ROBERTS, Deceased, Respondent, *v.* TOWN OF EATON, Appellant.·

Towns — highways — negligence — rule of duty of town in erection of barriers at dangerous points on highways — not required to erect barrier sufficiently strong to hold heavy car — when court will declare non-liability as matter of law.

A town is not obliged to construct a barrier sufficiently strong to hold a heavy car from going over a dangerous declivity at the side of a highway. All that is required of it is that it shall erect such a railing, if any, as will be a sufficient protection for travel generally. The town is not bound to exercise extraordinary care to guard against unusual accidents. Its rule of duty is one of reasonableness, and where it is unreasonable to charge the town with the duty of maintaining barriers sufficient to prevent all accidents the court will declare non-liability as matter of law.

*Roberts* v. *Town of Eaton,* 207 App. Div. 56, reversed.

(Argued May 23, 1924; decided July 5, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 3, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Charles A. Hitchcock* and *John A. Johnson* for appellant. The evidence fails to establish any negligence upon the part of the town superintendent of highways of the defendant. (*Lynch* v. *Town of Rhinebeck,* 210 N. Y. 101; *Brothers* v. *Town of Leon,* 198 App. Div. 144; *Robinson* v. *Town of Somers,* 189 App. Div. 794; *Waller* v. *Town of Hebron,* 5 App. Div. 577; 131 N. Y. 47; *Lane* v. *Town*

*of Hancock,* 142 N. Y. 510; *Hubbell* v. *City of Yonkers,* 104 N. Y. 434; *Dorn* v. *Town of Oyster Bay,* 84 Hun, 510; *White* v. *State,* 133 Misc. Rep. 600; *Hunt* v. *Mayor, etc.,* 109 N. Y. 134; *Dorrer* v. *Town of Callicoon,* 183 App. Div. 186.)

*Stanley Bliss* for respondent.    The evidence establishes negligence upon the part of the town superintendent of highways of the town of Eaton. (*Embler* v. *Wilkill,* 57 Hun, 384; 132 N. Y. 222; *Whitner* v. *Ticonderoga,* 127 N. Y. 40; *Toney* v. *Gilboa,* 55 App. Div. 111; *Wood* v. *Gilboa,* 76 Hun, 175; 146 N. Y. 383; *Van Gaasbeck* v. *Saugerties,* 82 Hun, 415; 154 N. Y. 767; *Ivory* v. *Deerpark,* 116 N. Y. 476; *Wallace* v. *New Albion,* 121 App. Div. 66; 192 N. Y. 544; *Allen* v. *Allen,* 33 App. Div. 463; *Boyce* v. *Shawangunk,* 40 App. Div. 593; *Bryant* v. *Town of Randolph,* 133 N. Y. 70; *Hyatt* v. *Trustees of Vil. of Randolph,* 44 Barb. 385.)

Pound, J.    On December 24, 1921, plaintiff's intestate, Myra E. Roberts, was driving a Chevrolet automobile weighing 3,000 pounds on a well-traveled hillside dirt road in the town of Eaton.    Owing to usual climatic and seasonal conditions, the road was deeply rutted and the ground was frozen and slippery.    She was traveling in an easterly direction.    She met a west-bound car at a point in the road where it runs near a pond towards which the land declines somewhat abruptly.    She tried to get her car out of the ruts in order to pass the other car by backing and going ahead.    As she went ahead on a third attempt, she got out of the ruts, and the car went ahead with some force.    When the car wheels struck the grass, snow and ice by the side of the road, it slid over the bank and upset.    Mrs. Roberts sustained injuries which resulted in her death.

It is not contended that it was the duty of the town to keep the highway free from ruts or to remove the snow and ice from the side of the traveled portion of the

road. It is not contended that the barrier was needed as a warning against obvious dangers, well known to the deceased. It is contended that because the road was rutty and the ground slippery and because the declivity itself was dangerous and was near the road so that a car might go over it if it were not kept in or near the traveled portion of the road, it was the duty of the town to maintain a sufficient barrier at this point and that the failure to erect such a barrier was a proximate and contributing cause of the death of Mrs. Roberts.

Defendant was not obliged to construct a barrier sufficiently strong to hold a heavy car from going over such a declivity. (*Corcoran* v. *City of New York*, 188 N. Y. 131; *Best* v. *State of New York*, 203 App. Div. 339; affd., 236 N. Y. 662.) All that was required of it was that it should erect such a railing, if any, as would be a sufficient protection for travel generally.

The town was not bound to exercise extraordinary care to guard against unusual accidents. " The limit of duty on the part of a town with regard to the condition of its highways falls far short of making them absolutely safe, under all circumstances, even for those who use them properly." (*Lane* v. *Town of Hancock*, 142 N. Y. 510, 521.) The risk here was not enhanced by the lack of any ordinary barrier. It arose out of a combination of unforeseen circumstances against which the exercise of ordinary care would have afforded no protection.

The rule of duty in such cases is one of reasonableness. While the general use of motor vehicles has developed a new class of risks, it is not incumbent on the towns to anticipate and guard against every danger that may attach to the operation of automobiles over country highways. To impose on towns the burden either of constructing substantial barriers at every point of possible danger or of paying damages when unusual accidents occur which such barriers might have prevented, would be to advance the present measure of liability beyond the

rule of ordinary care into the field of insurance against accidental injury or death.

Where it is unreasonable to charge the town with the duty of maintaining barriers sufficient to prevent all accidents the court will declare non-liability as a matter of law.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.