CHRISTOPHER CARNER, as Executor, etc., of GEORGE CARNER, Deceased, Respondent, *v.* THE TOWN OF EAST GREENBUSH, Appellant.

Third Department, March 29, 1929.

*George H. Witbeck* [*Herbert F. Roy* of counsel], for the appellant.

*John T. Norton*, for the respondent.

PER CURIAM. Shortly after nine o'clock on the morning of September 24, 1927, George Carner received injuries resulting in his death. It is charged and has been found by the jury on the trial that the accident from which his injuries arose was due to the negligence of officers of the defendant town.

Carner at the time was driving an automobile truck weighing 2,400 pounds along a dirt road toward his home. The truck was carrying no load, except a few milk cans. It was a bright, clear day. The decedent was perfectly familiar with the highway and the conditions existing at the place the accident occurred.

The road led around a curve. On the inside of this curve the land had been washed or had crumbled away due to the unstable condition of the soil composed largely of clay and quicksand. This caused a declivity sloping sharply down to a " table " thirteen feet below the surface of the road; and then again on a sharp decline to the bottom of the ravine about forty-one feet below the road level.

The roadway was ten feet wide. Between it and the edge of the declivity was a strip two and one-half to three and one-half feet wide covered with grass. This strip was from three and one-quarter to eight inches higher than the traveled portion of the road. Along the middle of this strip a barrier had been erected consisting of ordinary round or split fence posts connected by a rail six inches wide and two inches thick, located about two and one-half feet above the ground. This barrier had been erected from eight to twelve years before the accident. There is evidence that some of the posts had become decayed.

The accident was unwitnessed. From the tracks left by the truck it appears that it suddenly was turned from its course and went sharply to the right through the barrier and down into the ravine. Various theories are advanced by the parties to account for the truck thus leaving the road. One reason suggested by the defendant is that the decedent was in the habit of suddenly passing

off into sleep. The plaintiff argues it was caused by the presence of a rut or hole in the road five or six inches deep — the descriptions varying. It was held as a matter of law on the trial that this rutty condition of the road did not constitute an element of negligence chargeable to the town. Such evidence seems to have been received on the question of contributory negligence. All the theories depend more upon surmise than upon clear proof of circumstances from which one reasonable inference may be drawn to the exclusion of any other. There must be in such a case something more than general theories of negligence. (*Scott* v. *Delaware, Lackawanna & Western R. R. Co.*, 222 App. Div. 409, 412.) The negligent acts and omissions of the defendant, as well as freedom from fault of the person injured, must be readily discernible to a reasonable mind when considering the entire evidence. (*Rigby* v. *Town of Gerry*, 209 App. Div. 391.)

So the liability of the town rests on its failure to maintain a barrier sufficiently strong to stop a truck suddenly turned against it. Before the advent of the automobile, barriers were intended chiefly to indicate the presence of danger and to arrest the progress of a horse straying from the beaten path of the highway. Now conditions no doubt demand greater responsibility and care. It may be that the State in constructing main highways principally for travel by automobile, should be required at places of unusual danger to locate barriers to stop and hold such a vehicle proceeding at a reasonable rate of speed. But a town is not charged with that duty in relation to its common dirt roads. (*Roberts* v. *Town of Eaton*, 238 N. Y. 420. See, also, *Best* v. *State of New York*, 203 App. Div. 339, 342; affd., 236 N. Y. 662; *Cotriss* v. *State of New York*, 223 App. Div. 520.)

The verdict was against the weight of evidence on the questions of negligence and contributory negligence. It is possible that plaintiff on a new trial may be able to produce further proof.

The judgment and order should be reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.

Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event.