ALICE M. LANG, as Administratrix, etc., of EARL A. LANG, Deceased, Respondent, *v.* CITY OF TROY, Appellant.

Third Department, May 3, 1939.

*Frank S. Parmenter, Corporation Counsel [John P. Judge, Assistant Corporation Counsel, of counsel], for the appellant.*

*Clinton, Scott & McNamee [John P. McNamee of counsel], for the respondent.*

HILL, P. J. Plaintiff's intestate was drowned in the Hudson river when the automobile which he was driving went over the bulkhead at the westerly extremity of One Hundred and Twentieth street in the city of Troy. The city appeals from a judgment recovered in an action for negligence found on account of its failure

properly to light the area and for its failure to erect warning signs and barriers. First avenue runs north and south, parallel with the river and about 150 feet easterly. Second avenue is parallel with First avenue, and 270 feet therefrom. One Hundred and Twentieth street begins easterly of and crosses Second and First avenues, terminating at the bulkheaded river bank. It is sixty feet wide its entire length, and is paved to First avenue, which is also paved. From First avenue to the river the street has an earth surface with a descending grade of about six feet in one hundred. The light nearest to the river is 150 feet easterly, at the corner of First avenue, the next is 420 feet at Second avenue. The dock mentioned by witnesses as being located at the westerly end of One Hundred and Twentieth street is but the bulkheaded river bank alongside of which small boats came to load and unload. There is no pier extending into the thread of the stream. There was no barrier at the bulkhead to prevent a traveler on One Hundred and Twentieth street from going into the river.

The accident occurred at about seven-thirty in the evening of March 13, 1935. There had been a slight fall of snow just prior. The submerged automobile was not discovered until the next morning, when from its tracks in the snow it appeared to have been driven westerly along the northerly half of One Hundred and Twentieth street across First avenue to within twenty feet of the bulkhead where there was a sharp turn to the south, apparently in an unsuccessful attempt to avoid the accident, but after continuing about the width of One Hundred and Twentieth street the car went over the unguarded bulkhead into the river, and plaintiff's intestate, the driver, and his companion were drowned.

The city was not required to construct a barrier sufficiently strong to hold a heavy car traveling at a rapid rate of speed (*Corcoran* v. *City of New York*, 188 N. Y. 131; *Best* v. *State of New York*, 203 App. Div. 339; affd., 236 N. Y. 662), but it was required to erect barriers which would furnish reasonable protection for ordinary travel within the space prepared therefor against dangers in such close proximity thereto as to make traveling perilous. (*Flansburg* v. *Town of Elbridge*, 205 N. Y. 423; *Griffith* v. *Town of Colesville*, 261 id. 568.) This broad, straight, public street, surfaced for use to the river bank, should have been lighted sufficiently so that a traveler could see and appreciate the hazard in time to avoid an accident; signs warning of the danger should have been erected, and a reasonable barrier installed.

It was decided in both *Isaac* v. *Town of Queensbury* (277 N. Y. 37) and *Corcoran* v. *City of New York* (*supra*) that a municipality was at fault and liable in failing properly to light and warn that a

street was a *cul-de-sac* terminating at a wooden barrier. One Hundred and Twentieth street west of First avenue was a *cul-de-sac* terminating at an unguarded river bank bulkhead, several feet below the top of which the Hudson river flowed of a depth sufficient to submerge a car.

The burden of establishing contributory negligence was upon the defendant and a question of fact for the jury.

Plaintiff prepared in writing and verified a claim in compliance with section 244 of the Second Class Cities Law, and copies were served upon the mayor, comptroller, city clerk, president of the common council and corporation counsel of the city. Appellant complains that the original was not served upon each of the officials. The original was kept by the attorneys for the plaintiff and presented in court. Service of copies thereof was a sufficient compliance with the statute.

The judgment and order should be affirmed, with costs.

McNamee, Bliss and Heffernan, JJ., concur.

Judgment and order affirmed, with costs.