MARGARET H. MASON, Individually, and as Administratrix, etc., of ROY D. HAMMOND, Deceased, Appellant, *v.* TOWN OF ANDES, Respondent.

MILFORD D. BUTLER, Individually, and as Guardian ad Litem of LLOYDRICK BUTLER, an Infant, Appellant, *v.* TOWN OF ANDES, Respondent.

Third Department, March 5, 1941.

*Arthur F. Curtis*, for the appellants.

*Charles B. Johnson* [*Gleason B. Speenburgh* of counsel], for the respondent.

BLISS, J. There can be no longer a doubt that under proper circumstances reasonable protection of the public traveling upon a town, county or State highway may require at dangerous points

the erection and maintenance of adequate barriers to both warn and guard and that the absence of such a barrier may be negligence. (*Griffith* v. *Town of Colesville*, 236 App. Div. 752; affd., 261 N. Y. 568; *Huston* v. *County of Chenango*, 253 App. Div. 56; affd., 278 N. Y. 646; *Countryman* v. *State of New York*, 251 App. Div. 509; affd., 277 N. Y. 586.) The rule of duty in such cases is one of reasonableness and sufficient protection for travel generally. (*Roberts* v. *Town of Eaton*, 238 N. Y. 420.) The *Griffith* case involved a town highway and a situation very much like the one at bar. It was a down grade macadamized town road with a one-foot sloping shoulder immediately adjacent to an abrupt declivity of about twelve feet, with no guardrail or other barrier. The highway was slippery. Plaintiff drove down this highway in second gear. He turned out when he met another vehicle and his car slipped sideways off the bank.

This is a case where the defendant town had recognized the danger of a situation on a well-traveled gravelled road and had at one time placed a log barrier along the edge of the beaten track of the highway to keep vehicles from going over a precipitous bank. But for at least a month before this accident the barrier had been out of place so that there was no obstruction at all between the track and the top of the bank, although the track ran within only a foot of the edge and the road sloped toward it. A matter of inches marked the difference between safety and disaster. Due to the narrowness of the road, a curve and a steep pitch just ahead with the resultant poor sight distance, plaintiff was compelled to drive his car very close to this extremely dangerous and wholly unprotected edge.

He was proceeding down grade in second gear at from ten to fifteen miles per hour. When he attempted to drive toward the right side of the road, the car slid over the edge of the embankment and was precipitated some thirty feet to the creek bed below. Its movement toward the edge was not direct but at an angle and the jury might very properly have found that even a small barrier would have averted this tragedy. The defendant itself proved that upon a previous occurrence at this same spot, when the barrier was in place, a loaded milk truck slid against it and was held from going over the bank. But on the day of this accident there was no barrier at all between the road and the top edge of the bank and so the accident happened. The trial court, in a charge that was without exception, very properly submitted to the jury the questions of the necessity and sufficiency of a barrier. The jury has found the facts in favor of plaintiffs and by the standards of those who reside in that section and are accustomed to travel'

so-called dirt or mountainous highways daily, has said that this was a place of danger which the town failed to properly protect. Even if we were of contrary opinion (which we are not), we should not substitute our view for that of the triers of the facts. The weight of the evidence amply supports the verdicts and they should not have been distrubed.

The order should be reversed on the law and facts, with fifty dollars costs, and the verdicts reinstated.

HILL, P. J., and HEFFERNAN, J., concur; SCHENCK, J., dissents, in an opinion in which FOSTER, J., concurs.

SCHENCK, J. (dissenting). Plaintiffs appeal from an order of the Supreme Court setting aside a verdict rendered by a jury in each of the above-captioned cases, and granting new trials.

The actions were brought in negligence as the result of an accident which occurred January 16, 1938, on a town-maintained dirt road known as the Beech Hill road, in Delaware county. From the evidence it would appear that this road is the usual back-country dirt highway running through portions of the Catskills. At the point of the accident there was or had been a barrier, consisting of a substantial chestnut timber, on the east shoulder of the road to prevent travelers on the highway from running off the side. There seems to be ample evidence to support the contention of respondent that this guard or barrier was in position at the time of the accident. There was snow on the road and there is testimony that it was icy and slippery.

The truck was driven by Milton Butler, nineteen years of age. It was apparently a poorly equipped model A Ford and not in good mechanical condition. Its tires were smooth and much worn, as appears from the several photographs in evidence, and there is evidence that with all its brakes fully applied any of its wheels could be freely moved by hand. There is also evidence that the spokes in the steering wheel were broken at a point where they joined the steering wheel rim, and that these spokes had been broken prior to the accident. There was no emergency brake whatsoever. This was the truck Milton Butler drove over this road in the winter time with five children seated upon the exposed platform behind the driver's cab.

The trial justice in setting aside the verdicts held that the case of *Roberts* v. *Town of Eaton* (238 N. Y. 420) was controlling, and that to impose upon the town the burden of either constructing substantial barriers at every point of possible danger or paying damages when an accident occurs would be to advance the present measure of liability beyond the rule of ordinary care to the field of insurance

against accidental injury. (*Lane* v. *Town of Hancock*, 142 N. Y. 510.)

I agree with the learned trial justice. This accident could not reasonably have been anticipated. In *Carner* v. *Town of East Greenbush* (225 App. Div. 609) this court held that the State in constructing main highways should be required at places of unusual danger to locate barriers to stop and hold vehicles proceeding at a reasonable rate of speed, but that a " town is not charged with that duty in relation to its common dirt roads." This barrier was not required as a matter of law, and, as the court found, the evidence does not show that it would have prevented the accident even though it had been on the shoulder of the road. (*Carner* v. *Town of East Greenbush, supra; Rigby* v. *Town of Gerry*, 209 App. Div. 391; *Best* v. *State of New York*, 203 id. 339; affd., 236 N. Y. 662.) The duty imposed upon the town related only to those dangers which might reasonably be anticipated. Certainly, the town superintendent of highways could not reasonably anticipate that an antiquated motor vehicle, with smooth tires and without adequate brakes would be driven over this icy roadway and across the road and shoulder and down the side hill. (*Dorrer* v. *Town of Callicoon*, 183 App. Div. 186.) The town had no notice, actual or constructive, of any claimed defects in the highway, and certainly snow and icy conditions on a mountain road do not constitute negligence. (*Hooker* v. *Town of Hanover*, 247 App. Div. 623.)

The order appealed from should be affirmed.

FOSTER, J., concurs.

Order reversed on the law and facts, with fifty dollars costs and disbursements, and verdicts reinstated.