ALPHINA BRIERE, as Adminstratrix of the Estate of THERESA M. BRIERE, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31327.)

EUCLIDE J. BRIERE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31328.)

Court of Claims, January 19, 1954.

*Leon M. Layden* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Frank Noonan* of counsel), for defendant.

MAJOR, J. The above claims arose out of an accident which occurred about 1:45 P.M., on November 17, 1951, on New York State Route 22 in the hamlet of Comstock, Washington County, New York, at or near the easterly approach to the bridge carrying such highway over the Champlain Division of the New York State Barge Canal.

The claimants allege that the accident was caused by reason of the negligence of the State of New York, its officers, agents, servants and employees, in failing to keep the highway and approaches to the bridge over the Barge Canal at the place where the accident occurred in a proper state of repair; in failing to properly grade and bank the curve which exists on the highway at the point of the accident; in failing to erect suitable and proper warning signs and signals upon the highway, and provide and maintain proper drainage facilities; and a suitable barrier along the southerly side of the highway at or near the point where the accident happened; in failing to exercise reasonable care, prudence and precaution in the construction, maintenance and repair of the premises, and to take adequate and reasonable steps for the protection and safety of the travelers upon said highway.

The court finds that on November 17, 1951, the claimant, Euclide J. Briere, was driving his 1948 GMC one-ton truck, loaded with about 1,000 lbs. of grain, in a westerly direction on Route 22 of the New York State highway system in the hamlet of Comstock. He was accompanied by his five and one-half-year-old daughter, Theresa Marie Briere, who was sitting in the cab of the truck beside the claimant driver.

At the time, it was raining, with some light snow falling. The snow melted as it fell toward or on the concrete highway. The claimant, Euclide J. Briere, had traveled over this same route three or four times previous to the day of the accident and was familiar with it.

When the claimant driver was approximately 400 to 500 feet east of the easterly approach to the bridge carrying such highway over the Champlain Division of the New York State Barge Canal, he was traveling thirty to thirty-five miles per hour, and observed a sign on his right along the northerly side of Route 22, placed there by the New York State Department of Highways, which read: "Speed Limit 35 miles per hour". Up to this point, claimant had no difficulty in driving and controlling his truck. Claimant knew he was approaching the bridge and, when he reached the top of the hill, which is about 300 feet east thereof, the bridge and its approaching curve were visible. As the claimant proceeded downhill, he reduced his speed to ten to fifteen miles per hour, for the reason that he knew that there was a curve in the highway at and to the easterly approach of the bridge. He further testified that he knew he had to make the turn; it was wet and slippery. He applied his brakes as he approached such curve east of the bridge, and when about 125 feet away, he applied the brakes of his truck and skidded to his left side of the highway. He traveled a distance of about fifty feet from the time he skidded until his truck struck and went over the curbs and through the guardrail. According to the claimant, there might have been a patch of unmelted snow in the center of the highway about five feet wide and eighteen feet long at the point where the brakes were applied, which caused the truck to skid.

The claimant, Euclide J. Briere, testified that when his truck skidded into the curb on the left side of the road, his head struck the cab and he does not remember anything after that, until he was being walked along the easterly side of the canal bank by a couple of men. He does not know how he got out of the truck cab. The truck jumped the curb, went through the

guardrail and fence, down the embankment and into the canal, with the motor or front of the truck heading directly into the canal and becoming completely submerged, except for a portion of the stakerack on the back of the truck. On direct examination, the claimant testified that the rear end of the truck " slewed " to the left and struck the curbing, and he marked with an " x " on exhibit number 7, the point at about which the truck struck the curbing. The point marked is approximately opposite the first guardrail post east of the bridge and, although its distance from the bridge was not proven, it does not appear from the exhibit that there would be sufficient distance for the truck to turn to the left and go through the guardrail front first.

It is the responsibility of the claimants to prove their claims by a fair preponderance of credible evidence and, the fact that the claimant, Euclide J. Briere, does not remember anything after his head struck the cap of the truck, in the absence of other evidence, is of no help. On the other hand, it is not within the province of the court to speculate or guess as to what actually caused the truck to take the course it did and to come to a stop at the bottom of the canal. There is no actual proof of the strength or weakness of the barriers, except as may be inferred from the physical facts and surrounding circumstances as shown by the exhibits. It appears from such exhibits that such barriers were erected and maintained in such manner as to furnish reasonable protection for the public to make the highway safe and convenient, in the use of ordinary care. This is all that is required of the State. (*Feron* v. *State of New York*, 60 N. Y. S. 2d 124, affd. 271 App. Div. 914; *Johnson* v. *State of New York*, 186 App. Div. 389, affd. 227 N. Y. 610; *Roberts* v. *Town of Eaton*, 238 N. Y. 420; *Flansburg* v. *Town of Elbridge*, 205 N. Y. 423.)

The claimant, Euclide J. Briere, was driving a heavy truck carrying a load. Had the claimant, Euclide J. Briere, been driving his truck as slowly and cautiously as he would have his testimony indicate, the curbs, guardrail and fence were sufficient to stop him from going down the embankment. The State is not required to construct a barrier sufficiently strong to hold a heavy car or truck traveling at a high rate of speed. (*Corcoran* v. *City of New York*, 188 N. Y. 131; *Best* v. *State of New York*, 203 App. Div. 339, affd. 236 N. Y. 662; *Countryman* v. *State of New York*, 251 App. Div. 509, affd. 277 N. Y. 586; *Cotriss* v. *State of New York*, 223 App. Div. 520.)

The claimants offered proof intending to show that the State failed to erect the signs set forth in the rules of the State Traffic Commission, and that the " 35 mile per hour " sign on the highway was improper, inadequate, misleading and created a trap. However, in the light of the testimony of the claimant, Euclide J. Briere, no proof of previous accident, and that warning signs were needed or that they would have prevented this accident, we must and do find that the lack of signs in no way contributed to this accident. The highway was free from defects and we conclude that at the point of accident, it was reasonably safe for travel under proper circumstances.

From the credible evidence presented herein, we find that the claimants totally failed to substantiate the allegations set forth in each of the claims and to establish any negligence on the part of the State. This accident was caused solely by the weather conditions over which the State had neither control nor notice, and the negligence of the claimant, Euclide J. Briere. The State was not guilty of any negligence which was the proximate cause of this accident.

The negligence of Euclide J. Briere is not imputable to the infant, Theresa Marie Briere, who was *non sui juris*, and free from contributory negligence. However, unless the State is found to be a contributing cause of the accident and resulting injuries and damages, the claim of Alphina Briere, as administratrix of the estate of Theresa Marie Briere, must likewise fail.

The claims of Euclide J. Briere, and Alphina Briere, as administratrix of the estate of Theresa Marie Briere are both dismissed.

The foregoing constitutes the written and signed decision of this court upon which separate judgments may be entered. (Civ. Prac. Act, § 440.)

Let judgments be entered accordingly.