Louis B. Heller, J.
The defendant moves pursuant to CPLR 3211 (subd. [a], pars. 7, 10) for dismissal of the complaint and of each and every alleged cause of action therein upon the grounds, respectively, that the complaint fails to state a cause of action and that the court should not proceed in the absence of a person who should be a party.
The first purported cause of action of the complaint alleges in sum and substance the following; that one Louis Rothenberg, administrator of the estate of his deceased wife, Frances, deposited with the defendant, to the credit of said estate, the sum of $60,977.99; that the certificate of letters of administration which had been turned over to the defendant authorized the administrator to collect a total of only $5,000 of the estate assets, with any collection in excess of that amount required to be authorized by further order of the Surrogate’s Court and upon the filing of an additional bond; that the defendant had notice that the administrator was without power or authority to draw checks against the account in excess of a total of $5,000 ; that notwithstanding the restriction hereinabove mentioned, the said administrator issued, and the defendant honored, checks drawn against the account in excess of the sum of $5,000, including checks made payable to the administrator personally and deposited in his own personal account with the defendant; that these withdrawals from the estate account totaled the amount theretofore deposited by the administrator; that the said administrator, Louis Rothenberg, never accounted in the estate pro *841 ceeding; that upon the death of said administrator during the pendency of the proceeding the plaintiff was duly appointed administratrix of the subject estate and thereupon made demand for the amount of the funds theretofore deposited by the predecessor administrator with the defendant to the credit of the estate, which demand was refused by the defendant; and that the defendant is therefore indebted to plaintiff in the sum of $60,977.99 representing the amount of the estate funds deposited with the defendant as hereinabove mentioned.
The second cause of action alleged in substance that all payments made by the defendant at the direction of the previous administrator were null and void as to the plaintiff, since the defendant honored the checks drawn by the previous administrator without requiring the countersignature or consent of the surety, in violation of rule XXVII of the Buies of the Surrogate’s Court, Kings County, and of section 153 of the Civil Practice Act (now CPLB 2509).
The gist of the third cause of action is that the payments made by the defendant at the direction of the previous administrator were null and void and ineffective as regards the plaintiff, in that the defendant failed to observe the custom and practice in the banking business in the City of New York of ascertaining the identity of the surety and requiring joint control over the deposits unless waived by the surety.
It is noted on the instant motion that the plaintiff in her memorandum of law adopts the defendant’s description of this action as one ‘ ‘ for debt, in assumpsit, based upon the debtor-creditor relation established between Bothenberg [the previous administrator] and the Bank on making and accepting the initial deposit of $60,977.99, and the Bank’s alleged failure to pay 1 the amount deposited with defendant to the credit of the estate of Frances V. Bothenberg.’” Indeed, the plaintiff’s memorandum expressly sets forth the theory on which her action is based, in the following language: “ The plaintiff hereby asserts that this action is predicated exclusively on the debtor and creditor relationship between a bank and its depositor (citing Matter of Trevor, 309 N. Y. 389), wherein the depositor seeks to recover from the bank the amount of deposit which the bank refused to return. This is not an action in conversion or negligence or an action for mishandling of funds. The bank commingled the deposit with its own funds as it had the right to do (citing Matter of Holden, 264 N. Y. 215, 219) and the plaintiff merely seeks * * * to recover the deposit in ‘ assumpsit.’ ” (Emphasis supplied.)
*842 The defendant contends that the facts alleged in the complaint are insufficient to make out a cause of action since it fails to allege facts showing that the funds disbursed by the defendant at the direction of the previous administrator were paid out to persons not entitled thereto or that damage was in any manner wrongfully caused to the plaintiff as the administratrix of the subject estate, and that even if damage had been so caused plaintiff would have to allege personal knowledge or bad faith on the part of the defendant. Plaintiff, on the other hand, contends that in an action to recover a deposit which, as plaintiff rightfully maintains, is an action on a debt, no facts showing damage need he alleged, “ since the mere refusal to reimburse the depositor constitutes the damage,” in such an action.
The difficulty with plaintiff’s position is that the funds in question were allegedly disbursed by the defendant at the direction of the previous administrator who, as the depositor, had full control and disposition of the funds (see Bischoff v. Yorkville Bank, 218 N. Y. 106, 110). While it is true, as contended by plaintiff, that the deposit with the defendant of the sum here involved created the relation of debtor and creditor, it was a relationship entered into with the administrator as the depositor (Matter of Holden, 264 N. Y. 215; Barber v. Westchester Bank & Trust Co., 205 Misc. 63), and by virtue thereof, there was implied, at law, a contract between the bank and the administrator as the depositor, to disburse the money standing to the credit of the estate only upon the order of said administrator and in accordance with his directions (see Bischoff, supra, pp. 112-113; Gibraltar Realty Corp. v. Mount Vernon Trust Co., 276 N. Y. 353, 356; Beech-Nut Packing Co. v. National City Bank of N. Y., 149 Misc. 682, 684). Since the instant defendant acted in conformity with the directions of the previous administrator, as the depositor of the estate funds, and did not violate its contract of deposit, no action in assumpsit lies.
While a complaint should not be dismissed as insufficient if it sets forth facts and circumstances constituting some wrong for which a plaintiff is entitled to relief, there are no allegations in the instant complaint which can reasonably be construed as showing that there was a conversion of funds and that the bank knowingly participated in such conversion or otherwise acted in bad faith, to the damage of the estate.
The instant motion, insofar as it seeks a dismissal of the complaint and of the causes of action therein for insufficiency, is granted with leave to serve an amended complaint, if plaintiff be so advised, within 10 days after service of a copy of the *843 order to be entered herein. The question of whether the personal representative of the estate of Louis Rothenberg, deceased, should be made a party to the action may be raised by defendant upon the service of the amended complaint as provided for herein.