(March 20, 1967)

■ In the Matter of LANDON ZUCKERMAN and SAM HABER, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— On March 3, 1965 this court disbarred respondent Zuckerman based on its finding that he was guilty of charges 5A, 5B, 5F and 5H as specified therein, and suspended respondent Haber for five years based on its finding that he was guilty of charges 5B, 5F and 5H (23 A D 2d 825, where the charges are set out in full). The Court of Appeals denied leave to appeal (16 N Y 2d 482, 483) and thereafter dismissed respondents' appeal taken as of right (16 N Y 2d 992). On February 13, 1967 the Supreme Court of the United States granted certiorari, vacated the judgment of this court and remanded the matter to this court for reconsideration in light of *Spevack* v. *Klein* (385 U. S. 511) (*Zuckerman* v. *Greason*, 386 U. S. 15). On March 13, 1967 the order of remand was made. On reconsideration, this court dismisses charge 5A, which had been found established only against respondent Zuckerman, on the authority of *Spevack* v. *Klein* (385 U. S. 511, *supra*). There is ample evidence in the record to sustain charges 5B, 5F and 5H against both respondents. As to these charges, *Spevack* has no application. Accordingly, we confirm the Referee's report, finding both respondents guilty of charges 5B, 5F and 5H. Based on these findings, both respondents are suspended from the practice of law for a period of five years, *nunc pro tunc* as of April 10, 1965. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ GLORIA BARAD, as Administratrix of the Estate of FRANCES V. ROTHENBERG, Deceased, Appellant, v. BANK OF COMMERCE, Respondent.— Order of the Supreme Court, Kings County, dated March 14, 1966, affirmed insofar as appealed from, without costs, on the ground that the complaint failed to allege facts from which damages can properly be inferred (*Watts* v. *Bank of Manhattan Co.*, 83 N. Y. S. 2d 57, affd. 274 App. Div. 884; cf. *Daukas* v. *Shearson, Hammill & Co.*, 26 A D 2d 526). The time to serve an amended complaint is extended until 20 days after entry of the order hereon. Appeal from order of said court dated January 14, 1966 dismissed, without costs. Said order was superseded by the order dated March 14, 1966 and made on reargument. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur. [See 48 Misc 2d 839.]

■ MARGARET CARROLL, Respondent, v. WILLIAM T. SHAW et al., Doing Business as LEFT FIELD TAVERN, Appellants, and THOMAS TIERNAN, Respondent. — Amended judgment of the Supreme Court, Kings County, entered June 16, 1966, reversed insofar as it is in favor of plaintiff against defendants Shaw and O'Sullivan, on the law, without costs, and new trial and severance directed as between plaintiff and said defendants; and judgment otherwise affirmed, without costs. This court has considered the question of fact and would not grant a new trial upon those questions. It is our opinion that it was error for the trial court to charge the jury that violation of the statute and ordinance relating to fireworks (Penal Law, § 1894-a, subd. 2; Administrative Code of the City of New York, § C19–44.0) may be evidence of negligence against defendants Shaw and O'Sullivan. There is no evidence in the record from which a violation of the statute or ordinance by said defendants can be found. The verdict being a general one, we have no way of knowing the basis for the jury's determination of liability. It is possible that it was based upon the erroneous charge. Ughetta, Acting P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.